**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-1625**

─────────────

ODIS L. TABOR,

        Plaintiff - Appellant,

    v.

FREIGHTLINER OF CLEVELAND, LLC,

        Defendant - Appellee.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:08-cv-00034-WO-WWD)

─────────────

Submitted:  June 30, 2010          Decided:  July 20, 2010

─────────────

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Norman B. Smith, SMITH, JAMES, ROWLETT & COHEN, LLP, Greensboro, North Carolina, for Appellant.  John J. Doyle, Jr., Robin E. Shea, CONSTANGY, BROOKS & SMITH, LLC, Winston-Salem, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Odis L. Tabor appeals the district court's grant of summary judgment in favor of the Defendant, Freightliner of Cleveland, LLC, in his employment discrimination action. On appeal, Tabor argues that the district court erred in granting summary judgment for Freightliner, alleging that he established a prima facie case of racial discrimination, specifically disparate treatment based on race, and that Freightliner did not provide a legitimate, non-discriminatory reason for his discharge. Finding no reversible error, we affirm.

We review a district court's grant of summary judgment de novo, "viewing the facts and the reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). If the moving party sufficiently supports its motion for summary judgment, the nonmoving party must demonstrate that there are genuine issues of material fact. Emmett, 532 F.3d at 297.

Title VII declares that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1) (2006). A plaintiff may avoid summary judgment on a racial discrimination claim "through two avenues of proof." Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284 (4th Cir. 2004). First,

> A plaintiff can survive a motion for summary judgment by presenting direct or circumstantial evidence that raises a genuine issue of material fact as to whether an impermissible factor such as race motivated the employer's adverse employment decision. . . . Alternatively, a plaintiff may proceed under the McDonnell Douglas[Corp. v. Green, 411 U.S. 792 (1973)] "pretext" framework, under which the employee, after establishing a prima facie case of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination.

Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 318 (4th Cir. 2005) (internal quotation marks and brackets omitted). It is well established that, even under the McDonnell Douglas burden-shifting scheme, the ultimate burden of persuasion remains on the plaintiff at all times. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981).

Tabor has failed to present any direct or circumstantial evidence creating a genuine issue of material

3

fact that he was discriminated against because he is biracial. Therefore, his only avenue of avoiding summary judgment is the McDonnell Douglas pretext framework. Under that standard, Tabor must first establish a prima facie case of racial discrimination. McDonnell Douglas, 411 U.S. at 802. The elements of the prima facie case will necessarily differ based on the facts presented. Id. at 802 n.13. Where, as here, a plaintiff alleges disparate discipline based on race, the plaintiff must prove that: (1) "he is a member of a class protected by Title VII;" (2) "the prohibited conduct in which he engaged was comparable in seriousness to misconduct of employees outside the protected class;" and (3) "the disciplinary measures enforced against him were more severe than those enforced against those other employees." Cook v. CSX Transp. Corp., 988 F.2d 507, 511 (4th Cir. 1993). When assessing the seriousness of misconduct, "precise equivalence in culpability between employees is not the ultimate question . . . comparison can be made in light of the harm caused or threatened to the victim or society, and the culpability of the offender." Moore v. City of Charlotte, NC, 754 F.2d 1100, 1107 (4th Cir. 1985) (internal quotation marks and citations omitted). If the plaintiff establishes a prima facie case, the burden shifts to the employer to demonstrate a legitimate, non-discriminatory reason for the employment action. McDonnell Douglas, 411 U.S. at 802.

4

We have thoroughly reviewed the record and find that Tabor has failed to present a prima facie case of discrimination. Specifically, Tabor has failed to show a genuine issue of material fact demonstrating that his misconduct was comparable in seriousness to actions of employees outside his class or that he was disciplined more severely than employees whose actions were comparable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED